UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JUSTIN GIBSON                                    CIVIL ACTION

-V-                                              NO. 2:22-cv-82

MARQUETTE TRANSPORTATION                         SECTION
COMPANY GULF-INLAND, LLC,
MARQUETTE TRANSPORTATION
COMPANY, LLC AND
ARCHER DANIELS MIDLAND COMPANY

FILED_____    _____
                                                DEPUTY CLERK

**<u>COMPLAINT - JURY TRIAL</u>**

Plaintiff, Justin Gibson, a citizen of the United States, of the full age of majority,

domiciled and residing in the Parish of St. St. John the Baptist, State of Louisiana, brings this

civil action under the Jones Act 46 USC § 30104 and/or the General Maritime Law, 28 USC

§1333, the Savings to Suitors Clause of the United States Constitution and all applicable laws

and ordinances of the United States of America and the State of Louisiana.

1.

Plaintiff, Justin Gibson is an adult citizen of the United States and resides in Laplace,

Louisiana.

2.

Made defendant herein is MARQUETTE TRANSPORTATION COMPANY GULF-

INLAND, LLC and MARQUETTE TRANSPORTATION COMPANY, LLC ("Collectively

referred to as MARQUETTE"), upon information and belief, are Delaware corporations

authorized to do and doing business in the State of Louisiana, including the territorial waters of

Louisiana and the waters of the Mississippi River, said defendants having principal Louisiana business offices located at 107 Mallard, St. Rose, La. 70087.

3.

Made defendant herein is ARCHER DANIELS MIDLAND COMPANY, upon information and belief, a Delaware corporation authorized to do and doing business in the State of Louisiana, including the territorial waters of Louisiana and the waters of the Mississippi River, said defendant having its principal place of located at 4666 Faries Parkway, Decatur, IL 62526.

4.

Jurisdiction of this civil court is invoked pursuant to the Jones Act, 46 USC § 30104 and the General Maritime Law, 28 USC §1333, the Savings to Suitors Clause of the United States Constitution and all applicable laws and ordinances of the United States of America and the State of Louisiana.

5.

The venue for these claims is proper in accordance with Title 28 U.S.C. § 1391(b)(2).

6.

At all pertinent times hereto, plaintiff, Justin Gibson was working within the course and scope of his employment as a mate by MARQUETTE, as a member of the crew of a fleet of push boats operated and controlled by MARQUETTE, including but not limited to, the push boat M/V TAYLOR MARIE, upon the Mississippi River.

7.

At all times relevant herein defendant, ADM, operated and controlled a crane barge whose name is personally unknown and is herein identified as the ADM Crane Barge.

8.

At all pertinent times hereto, the ADM Crane Barge was, upon information and belief, under the custody and control of, owned and/or operated by defendant, ADM.

9.

Plaintiff was an employee of Marquette and was working within the course and scope of his employment as a mate on the M/V TAYLOR MARIE on January 18, 2019.

10.

On or about January 18, 2019, plaintiff while in the course of his employment as a seaman with the Marquette and while in the service of defendant's push boat M/V TAYLOR MARIE, then afloat in the Mississippi River near Convent, Louisiana, was caused to suffer severe and grave injury to his right knee as well as other injuries to his mind and body, while performing his duties as a mate in the vicinity of the ADM Crane Barge's deck while in the tow of the M/V TAYLOR MARIE.

11.

Plaintiff's injuries were due to the negligence of the defendant, Marquette, the unseaworthiness of the push boat M/V TAYLOR MARIE and the defective, unsafe and/or unseaworthy condition of the ADM Crane Barge.

12.

Plaintiff's permanent, painful and disabling injuries suffered while in the course and scope of his employment duties with defendant, Marquette, while in the service of the push boat M/V TAYLOR MARIE and his employment duties on the ADM Crane Barge were caused solely and proximately by the negligence of the defendants, Marquette and ADM, their employees, the crew of the push boat M/V TAYLOR MARIE or other persons whose negligence and strict liability is imputable to the defendants and/or through the unseaworthiness of the vessel as well as the defective, unsafe and/or unseaworthy condition of the ADM Crane Barge in the following non-exclusive particulars:

(a)  Failing to maintain their push boat and/or crane barge in a safe, manner, free of hazards or defects;

(b)  Failing to warn plaintiff of the hazards and/or ultra hazardous operation and/or condition of the push boat and the ADM Crane Barge;

(c)  Failing to provide plaintiff with a safe place to work;

(d)  Failing to ensure the safety of plaintiff in the vicinity of the deck of the ADM Crane Barge which was unsafe due to the absence of proper lighting as well as proper non-skid material while breaking a barge out of the tow;

(e)  Failing to keep its push boat and/or the ADM Crane Barge and any of their appurtenances thereof including all equipment as well as decks free from unsafe defects and/or defective or unsafe conditions;

(f)  Failing to provide plaintiff with a push boat and the ADM Crane Barge free of defects or unsafe conditions;

(g)  Failure to provide adequately trained crew members, proper tools and safe equipment including a safe and seaworthy push boat as well as the ADM Crane Barge;

(h)  Failure to provide an adequate and competent crew;

(i)  Failing to provide plaintiff with a safe, non-defective and seaworthy push boat and ADM Crane Barge and their appurtenances thereon which were reasonably fit for their intended purposes;

(j)  Failing to provide plaintiff with properly trained, adequate, safe, competent and seaworthy crew as well as procedures to follow in moving to and from push boats to crane barges;

(k)  Failing to provide a vessel with a properly trained crew;

(l)  Providing a vessel and/or crane barge equipped with worn out "non-skid" protection on the deck area of the ADM Crane Barge;

(m) Failing to provide a safe place to work which included proper lighting and/or not providing adequate lighting in the area of plaintiff's injury at the time the injury occurred; and

(n) And all other acts of negligence and/or omissions and/or strict liability and/or unseaworthiness to be proved at trial.

13.

At all times relevant hereto, plaintiff was employed by Marquette to perform work on the push boat M/V TAYLOR MARIE or a fleet of vessels owned and/or operated and/or chartered

and/or controlled by defendants including the ADM Crane Barge and said defendant and owner of ADM Crane Barge, ADM, owed plaintiff a non-delegable duty to provide a safe place to work and/or safe and seaworthy vessels, which duties were breached by failing to provide safe and seaworthy vessels, barges and appurtenances which with to perform his duties, failure to provide adequate lighting needed to safely perform his duties, failure to provide proper safety equipment including a barge equipped with proper non-skid material applied to its deck, and failure to provide a sufficient and/or competent and/or properly trained crew to properly assist and/or supervise plaintiff's activities as well as the operation or procedure involved, all of which proximately caused the serious and permanent injuries sustained by plaintiff.

14.

Plaintiff additionally and/or alternatively alleges that Marquette and/or ADM or both are liable for the unseaworthiness of the vessel and/or negligence and/or unsafe and defective condition of the ADM Crane Barge under the General Maritime Law, which negligence and/or unseaworthiness which proximately caused the plaintiff's injuries.

15.

Prior to plaintiff's severe injury and the incident sued upon herein, plaintiff was at work actually performing work on Marquette's push boat M/V TAYLOR MARIE and the ADM Crane Barge, and earning wages and "found" and subsequent to the injury sued upon herein, plaintiff was obliged to seek medical attention, to suffer loss of impairment of his earning capacity, to suffer physical and mental pain and suffering, permanent disability and loss of enjoyment of life.

16.

As a direct and proximate result of the negligence, fault, breach of duty, strict liability, unseaworthiness, unsafe and defective condition of the ADM Crane Barge, acts, omissions, conduct and misconduct of the defendants, Marquette, the push boat M/V TAYLOR MARIE and/or its appurtenances as well as the ADM Crane Barge, which were unsafe and not reasonably fit for their intended purposes, Justin Gibson has suffered severe personal injuries, including but not limited to past, present, and future physical and mental pain and  suffering, severe emotional anguish, loss of enjoyment of life, past, present and future, medical expenses, past, present and future wage loss, loss of impairment of earning capacity, and severe and permanent bodily dysfunction and disability, past, present and future and other related damages and expenses, all of which warrant an award in his favor in an amount sufficient to warrant trial by jury.

17.

Petitioner further alleges that Marquette violated certain standards and regulations promulgated by the Occupational Safety and Health Administration, commonly referred to as OSHA standards and regulations, which played a part, in either causing or contributing to the injuries suffered by Justin Gibson. Accordingly, Justin Gibson contends that defendant was negligent "per se*." Choa vs. Mallard Bay Drilling, Inc.*, 534 U.S. 2351, 122 S. Ct. 738, 151 L. Ed. 2d 659 (2002); *Watterson vs. Mallard Bay Drilling, Inc.,* 649 So. 2d 431 (La. App. 3rd Cir. 1994); that a violation of any applicable OSHA Standard or Regulation results in a rebuttable presumption that the violation in question caused the accident at issue, *Reyes v. Vancage* S.S. Co., 609 F. 2d 140, 144-45 (5th Cir.1980) (citing the PENNSYLVANIA 86 U.S. (19 Wall.) 125,136 (1873), and precludes the assessment of comparative negligence, if any. 45

U.S.C. § 53; *Kernan vs. American Dredging, Co.,* 355 U.S. 426, 78 S. Ct. 394, 2 L.Ed. 2d 382 (1957); *Fuszek vs. Royal King Fisheries, Inc.,* 98 F. 3d 514 (9th Cir. 1996); *Roy Crook & Sons, Inc. v. Allen*, 778 F. 2d 1037 (5th Cir. 1985).

18.

Plaintiff was injured while performing work as a seaman and member of the crew of Marquette's push boat M/V TAYLOR MARIE with the ADM Crane Barge in its tow when he sustained the injuries complained of in the service of Marquette's push boat M/V TAYLOR MARIE owned and/or operated and/or chartered and/or controlled by defendant as well as the ADM Crane Barge in its tow, so as to be entitled to maintenance and cure, and/or found, both past and future, until such time as plaintiff has in fact reached maximum medical cure and damages.

19.

Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

20.

Plaintiff is an American seaman and, as such, is entitled to prosecute this matter without the payment of costs in advance or as they accrue, as provided by 28 USC §1916.

21.

Plaintiff specifically alleges that the doctrine of res ipsa loquitur is applicable in this case.

WHEREFORE plaintiff, Justin Gibson, prays for a trial by jury and that after due proceedings there be a judgment rendered in plaintiff's favor and against defendants, Marquette Transportation Company Gulf-Inland, LLC, Marquette Transportation Company, LLC and Archer Daniels Midland Company, jointly, severally and in solido for all reasonable damages as

set here and above, and for maintenance and cure and for all costs, with interest from the date of the incident and for all costs of these proceedings.

Plaintiff also prays for all general and equitable relief this Court is competent to grant.

Respectfully submitted,

*/s/ Gino J. Rendeiro*
Gino J. Rendeiro (14348) T.A.
David E. Kavanagh (2019)
KAVANAGH & RENDEIRO
825 Baronne Street
New Orleans, LA 70113
T: (504) 529-5100
F: (504) 529-3700
grendeiro@krlawnola.com