UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN GIBSON | CIVIL ACTION |
| -V- | NO. 2:22-cv-82 |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, MARQUETTE TRANSPORTATION COMPANY, LLC AND ARCHER DANIELS MIDLAND COMPANY | SECTION T (1) |

FILED_____    _____
                                                                    DEPUTY CLERK

## **PLAINTIFF'S EXHIBIT LIST**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Justin Gibson, who may introduce the following exhibits at the trial of this matter:

1) ADM Incident Investigation Guide dated January 18, 2019 completed by Harvey Wilkins with attached photographs, video and crew listing dated January 18, 2019;

2) Statement of Tony Trapani;

3) Statement of Warren Millet;

4) Statement of David L.;

5) Photographs of the vessels and incident scene;

6) Video of the incident;

7) Marquette Vessel Accident-Incident Report dated January 18, 2019 completed by Terrence Bolden;

8) Marquette Initial Contact Report for Personal Injuries/Illnesses dated January 19, 2019 completed by Cederick Monroe;

9) Marquette Personal Injury/Illness Report, undated and unsigned;

10) Any and all Master's Daily Boat Logs for the M/V Taylor Marie Boat Logs including but not limited to Master's Daily Boat Logs dated January 1, 2019 through January 31, 2019;

11) Marquette's personnel file concerning plaintiff;

12) Any and all pre-employment physicals and/or testing concerning plaintiff;

13) USCG license file on Justin Gibson;

14) Marquette's Deckhand Job Description;

15) M/V TAYLOR MARIE's general arrangement plan;

16) M/V TAYLOR MARIE'S Certificate of Inspection USCG dated August 13, 2020;

17) Safety meetings minutes including checklists and drills aboard the TAYLOR MARIE in January 2019;

18) Marquette's Vessel Operating Procedures Manual;

19) Marquette's Safety Policies and Procedures Manual;

20) Marquette's Emergency Response and Reporting Manual;

21) Marquette's Employee Safety Rule Book;

22) The Deckhand's Manual; an Orientation and Training Manual-Marquette;

23) Email string from Cederick Monroe to Gerald LeBlue dated January 18-19, 2019;

24) USCG file regarding Justin Gibson;

25) Marquette's investigative photographs of the M/V TAYLOR MARIE and crane barge HANK S;

26) Any and all photographs of the M/V TAYLOR MARIE;

27) Any and all photographs of the crane barge HANK S;

28) Any and all photographs of plaintiff;

29) Diagram of scene of incident;

30) Medical records and bills from any and all physicians or health care providers who have rendered treatment to or have provided medical opinions or who may in the future render treatment or provide medical opinions to plaintiff including but not limited to:

a) Bridget H. Pancoast, PA;
b) Dr. Shane M. Durkes;
c) Dr. Robert Steiner;
d) Dr. Gordon P. Nutik;
e) Dr. Wendell Heard;
f) Holly Javier, PT;
g) Lara Heyliger, PT;
h) Christopher Cronin, PT;
i) Dr. Ryan Charles;
j) Dr. Michael Arcuri
k) Dr. Jourdan Cancienne;
l) Joseph Shine, PT;
m) Sara Alario, EMT;
n) Stephanie Blanchard, Paramedic;
o) East Jefferson Ambulatory Surgery Center;
p) Metairie Imaging/Elmwood MRI;
q) MRI of Louisiana;
r) Ochsner Medical Center;
s) Performance Physical Therapy & Rehabilitation;
t) Select Physical Therapy;
u) Acadian Ambulance;
v) CVS Pharmacy;
w) Tulane Medical Center;
x) Tulane Institute of Sports;
y) Tulane Lakeside;
z) University Medical Center;
aa) Walmart Pharmacy;
bb) Walgreens Pharmacy;
cc) Dr. Michael Arcuri;
dd) Berry Fitterer, OT;
ee) Julie Thomas, PT;
ff) Southern Orthopedics;
gg) Pelican State Outpatient Center;
hh) Family Doctor Clinic of LaPlace;
ii) Records Custodian of Settoon Towing;
jj) Records Custodian of Enterprise Products;
kk) Records Custodian of Chem Carriers;
ll) Dr. G. Randolph Rice-forensic economic expert;

      mm)    Todd S. Capielano-vocational rehabilitation and/or evaluation expert;

      nn)    Captain J. P. "Pat" Jamison -expert witnesses relative to vessel safety, safe and proper vessel operating procedures, vessel maintenance procedures, causation or damages;

31) X-ray films, MRI films, CT films, other diagnostic tests, and/or reports in connection therewith related to treatment rendered to plaintiff for injuries sustained as a result of the accident made the basis of this litigation;

32) Any and all prescription records and bills;

33) Any and all employment records concerning Justin Gibson;

34) Any and all educational records of Justin Gibson;

35) Any and all Internal Revenue Service Records concerning Justin Gibson;

36) April 11 and 12, 2023 reports of Dr. G. Randolph Rice;

37) April 11, 2023 reports of Todd S. Capielano;

38) April 3, 2023 report of Captain J. P. "Pat" Jamison;

39) Department of Homeland Security USCG Report of Marine Casualty, CG-2692;

40) Evidence of lost wages and/or loss of earnings capacity including, but not limited to, including, but not limited to, W-2's, tax returns, or pay stubs of plaintiff;

41) Charts, diagrams, and/or compilations of loss wages and other special damages;

42) Any and all accident or incident reports or similar reports by whatever name concerning plaintiff's incident or similar incidents;

43) Social Security Income Records;

44) Anatomical figures/drawings depicting injuries sustained by plaintiff;

45) Medical/legal illustration of plaintiff's injury and/or surgery;

46) Deposition of Cederick Monroe (if unavailable at trial or for use for impeachment purposes);

47) Deposition of Harvey Mabile (if unavailable at trial or for use for impeachment purposes);

48) Deposition of Terrence Bolden (if unavailable at trial or for use for impeachment purposes);

49) Deposition of Warren Millet (if unavailable at trial or for use for impeachment purposes);

50) Deposition of Tony Trapani (if unavailable at trial or for use for impeachment purposes);

51) Deposition of Brent Boeckmann (if unavailable at trial or for use for impeachment purposes);

52) Deposition of Kendall Chauvin (if unavailable at trial or for use for impeachment purposes);

53) Any and all documents reflecting anticipated medical expenses relating to testing and/or surgery;

54) Any and all newspaper articles concerning Marquette;

55) Any and all documents reflecting anticipated medical expenses relating to testing and/or surgery;

56) Any and all Newspaper Articles concerning Marquette;

57) Any and all pleadings and discovery (interrogatories and requests for production or depositions) submitted by plaintiff or any other party and all responses thereto;

58) Any exhibit listed by any other party and not objected to by plaintiff;

59) Any exhibit listed by any other party;

60) Any exhibit produced during discovery;

61) Any impeachment or rebuttal exhibits that may become necessary;

62) Any and all other documents listed or introduced by any other party;

63) Any and all Marquette investigation materials;

64) All deposition testimony taken in this in this matter to the extent admissible; and

65) Any other relevant documents, as they are generated or discovered.

Plaintiff reserves the right to add additional exhibits, which after investigation, plaintiff deems necessary and proper and will advise defendant(s) of same in accordance with the Federal Rules of Civil Procedure and local rules relative to the exchange of exhibit lists.

Respectfully submitted,

*/s/ Gino J. Rendeiro*
Gino J. Rendeiro (14348) T.A.
David E. Kavanagh (2019)
KAVANAGH & RENDEIRO
825 Baronne Street, New Orleans, LA 70113
T: (504) 529-5100 F: (504) 529-3700
grendeiro@krlawnola.com